**CONSOLIDATION COAL COMPANY, Petitioner,**

v.

**Vivian E. SMITH and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 86–2397.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1987.

Decided Jan. 15, 1988.

David Allen Barnette, Charleston, W. Va., for petitioner.

Marta Kusic, Washington, D.C., for respondents.

Before HEANEY and McMILLIAN, Circuit Judges, and BEAM[*], District Judge.

HEANEY, Circuit Judge.

This matter is before the Court for the second time. *See Consolidation Coal Co. v. Smith,* 699 F.2d 446 (8th Cir.1983). The claimant, Vivian Smith, seeks survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. When the case was first here, we remanded it to the Bene-

---

[*] The Honorable C. Arlen Beam, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

fits Review Board with directions to remand to the Administrative Law Judge (ALJ) for more definite findings on whether Ms. Smith's husband, Henry Smith, had pneumoconiosis (black lung disease). The ALJ reconsidered the matter and denied benefits. The Benefits Review Board reversed and awarded benefits. We affirm.

We briefly restate the facts and procedural history. Ms. Smith's husband worked for Consolidation Coal Company for twenty-five years. His job "brought him in daily contact with dust." He died on November 3, 1977, of heart failure following an acute myocardial infarction. 699 F.2d at 447.

After her husband's death, Ms. Smith brought an action for survivor's benefits under the Black Lung Benefits Act. The Office of Worker's Compensation Programs determined she was eligible and notified Consolidation Coal of its potential liability. Consolidation Coal contested its liability. *Id.*

At a hearing, an ALJ considered several medical reports bearing on the cause of Mr. Smith's death. The ALJ determined that the medical reports sufficiently established the existence of pneumoconiosis to invoke the "interim presumption" in 20 C.F.R. § 727.203(a). That provision presumes that a miner is "totally disabled" at the time of death due to pneumoconiosis contracted from coal mine employment. 20 C.F.R. § 727.203(a). He found, however, that Consolidation Coal had rebutted the interim presumption with evidence that Smith had worked until his death, had smoked heavily, was the victim of a prior heart attack, and was sixty-seven at the time he died. The ALJ therefore concluded that Ms. Smith was not entitled to benefits because pneumoconiosis had neither totally disabled

Mr. Smith before his death nor caused his death. The ALJ denied the motion of reconsideration filed by the Office of Workers' Compensation. 699 F.2d at 448.

On administrative appeal, the Benefits Review Board held as a matter of law that the record could only support a finding that Mr. Smith had worked in his last years on the job with a disability caused by pneumoconiosis.[1] The Benefits Review Board found no evidence definitively linking breathing difficulties on the job to causes other than coal dust.

On appeal to this Court, we found that the Board had exceeded the scope of its authority. *Id.* We stated that only one of the medical reports considered by the ALJ had found evidence of pneumoconiosis.[2] The Board failed to explain this report in light of other reports which had found little or no evidence of pneumoconiosis. While this evidence may have been sufficient for invocation of the presumption, it was not necessarily sufficient to establish, as a matter of law, that Mr. Smith had a disability caused by pneumoconiosis before he died. Thus, we directed the Benefits Review Board to remand to the ALJ for more definite findings on the presence of pneumoconiosis. On remand it was to be again determined whether the interim presumption in 20 C.F.R. § 727.203(a) was triggered. If triggered, the employer would be permitted to rebut the presumption under 20 C.F.R. § 727.203(b). If the ALJ found that the employer had rebutted the presumption, the specific subdivision of section 727.-203(b) under which this was accomplished would be named. 699 F.2d at 449.

On remand, the ALJ, in a decision dated August 3, 1983, found that the interim presumption should be invoked but that Con-

---

**1.** The record contains testimony of two of Mr. Smith's co-workers that in the last years of his life, he could not do many of the tasks his position required because of breathing difficulties. In addition, as we emphasized in our previous opinion, "evidence of continued mine employment up to the time of death is legally insufficient to rebut the interim presumption." The fact that "Mr. Smith worked regularly up to two days prior to his myocardial infarction" could not be "the sole support for a finding that he was 'doing his usual coal mine work' and

thus was not totally disabled, 20 C.F.R. § 727.203(b)(1)." 699 F.2d at 449.

**2.** The report of a Dr. Grover B. Swoyer found evidence of "anthracosis." Anthracosis is considered to be "pneumoconiosis" under the regulations, along with "coal worker's pneumoconiosis." *See* 20 C.F.R. § 727.202 (where "anthracosis," although misspelled as "anthracosisanthrosilicosis," 699 F.2d at 447–48 n. 4, is included).

solidation Coal had offered sufficient evidence to rebut the presumption under section 727.203(b)(3). Almost three years later on May 1, 1986, the Board reversed on appeal holding *sua sponte* that 20 C.F.R. § 410.490 should apply. It reasoned that *Coughlan v. Director, Office of Workers' Compensation,* 757 F.2d 966 (8th Cir.1985), controlled. Consolidation Coal's appeal from that decision is now before us.

■ We hold that the Board properly reversed the ALJ's decision. In our view, however, reversal is required only because Consolidation Coal failed to rebut the interim presumption under section 727.-203(b)(3).[3] That section states in pertinent part that rebuttal succeeds if it establishes "that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." As the Director points out on appeal, the *employer* must *disprove any causal relationship* between a miner's total disability or death and a respiratory ailment arising from coal mining employment. *See, e.g., Carozza v. United States Steel,* 727 F.2d 74, 78 (3d Cir.1984); *Bethlehem Mines Corp. v. Massey,* 736 F.2d 120, 123–24 (4th Cir.1984).

■ The ALJ did not require Consolidation Coal to carry this burden. Instead, he held that the medical evidence established "no reasonable medical possibility either (a) that death was due to pneumoconiosis (or to multiple causes of which one was pneumoconiosis) or (b) that decedent was totally disabled due to pneumoconiosis at the time of his death." This determination ignores

the fact that even if Mr. Smith's disability were due only "in part" to pneumoconiosis, Ms. Smith would still be entitled to benefits.

■ We also hold that the record simply does not support a finding that Consolidation Coal has rebutted the interim presumption of disability. Even though the doctors who submitted reports stated that the primary cause of death was myocardial disease, not one stated that Mr. Smith's anthracosis was not a contributing factor to his disability or death.

Thus, Dr. Grover B. Swoyer reviewed autopsy slides and found signs of either "minimal" or "moderate" anthracosis, i.e., pneumoconiosis under the regulations. He failed to give an opinion as to whether anthracosis was a factor in Mr. Smith's disability or death. Dr. Fred N. Beckman's reports that "there is no doubt ... that the major pathology was one of atherosclerosis and myocardial infarction in a background of chronic myocardial disease." This statement similarly fails to address whether anthracosis contributed to Mr. Smith's disability or death.

Finally, Dr. Echols A. Hansbarger, Jr. reviewed the autopsy results and lung slide. He indicated that the decedent "suffered from a moderate degree of pulmonary congestion with some evidence of chronic bronchitis." Dr. Hansbarger stated that "[s]ince Mr. Smith did not suffer from coal workers' pneumoconiosis or occupational pneumoconiosis, it obviously could have had no impact on his demise." As the

3. Consolidation Coal argues that because the question of section 727.203(b)(3) rebuttal was not raised before the Board and because the Board did not address its applicability, any claim under section 727.203 has not been exhausted. We disagree. Exhaustion generally requires that an agency render a final decision on a claim under a statutorily created review scheme before the courts may consider it. *See Bowen v. City of New York,* 476 U.S. 467, 480–87, 106 S.Ct. 2022, 2030–33, 90 L.Ed.2d 462, 476–78 (1986). The issue was before the Board, even though it based its decision on other grounds. The Board therefore has rendered a final decision under its statutory review scheme. *See* 30 U.S.C. § 932(a) (1982) (incorporating 33 U.S.C. § 921(a) and (c) (1982) of the Longshore and Harbor Workers' Compensation Act).

Any problem with our consideration of the section 727.203(b)(3) rebuttal would arise because of the *Chenery* doctrine. That doctrine generally requires this Court to affirm agency decisions on the basis of the reasons given by the agency. *See SEC v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) (*Chenery I* ); *SEC v. Chenery,* 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947) (*Chenery II* ). However, where as here, "it is clear that based on the valid findings the agency would have reached the same ultimate result, we do not improperly invade the administrative province by affirming." *Salt River Project Agricultural Improvement and Power Dist. v. United States,* 762 F.2d 1053, 1060–61 n. 8 (D.C.Cir.1985).

Director points out, however, the ALJ already rejected this interpretation by finding that Mr. Smith had at least minimal anthracosis, i.e., "legal pneumoconiosis." Because the ALJ had already rejected the basis of this opinion in invoking the interim presumption, he could not resurrect it without explanation to rebut the presumption. *Cf. Markus v. Old Ben Coal Co.,* 712 F.2d 322, 327 (7th Cir.1983) (evidence discredited cannot be revived to show disability under a different branch of the interim presumption test).

There is no evidence to support the ALJ's conclusion that Consolidation Coal has carried its burden of showing that Mr. Smith was not disabled prior to death or that he died due, *in part,* to pneumoconiosis. We therefore conclude that the Benefits Review Board should be affirmed and that Ms. Smith should be awarded benefits. We instruct that this be done promptly, as Ms. Smith has waited long enough for the benefits to which she is entitled.