873 F.2d 1439
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
IMPERIAL COLLIERY COMPANY, Petitioner,
v.
Charles G. BURKE, (Deceased); Minnie Burke,
(Widow/Claimant); Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 88-2163.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 28, 1989.
Decided: April 5, 1989.
 
 Laura E. Beverage (Jackson & Kelly), for Petitioner.
 Robert T. Noone (Crandall & Pyles) for Respondent Minnie Burke.
 George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; Barbara J. Johnson, Melissa K. Reardon Henry (U.S. Department of Labor), for respondent Director.
 Before DONALD RUSSELL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Imperial Colliery Company seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's award of black lung benefits. We affirm.
 
 
 2
 Imperial's contention that the administrative law judge (ALJ) and the Benefits Review Board (Board of BRB) violated the Administrative Procedure Act, 5 U.S.C. Sec. 554, et seq., and failed to properly weigh and evaluate the evidence is without merit. It was within the ALJ's discretion to credit the medical opinions that Burke suffered from anthracosis and to invoke the interim presumption of 20 C.F.R. Sec. 727.203(a)(1) based on those opinions, since anthracosis is included within the definition of pneumoconiosis. See 20 C.F.R. Sec. 727.203(a)(1); Sec. 410.428; Sec. 410.110(o)(1); see also Consolidation Coal Co. v. Smith, 699 F.2d 446, 447-48 n. 4 (8th Cir.1983) (noting misspelling of "anthracosis" in 20 C.F.R. Sec. 727.202 as "anthracosisanthrosilicosis"). Further, the ALJ properly found that there was no evidence to support rebuttal of the interim presumption under Sec. 727.203(b)(1) because proof of coal mine employment at the time of death shall not be used as conclusive evidence that a miner was not totally disabled. See 20 C.F.R. Sec. 727.205; Consolidation Coal Co. v. Smith, 699 F.2d at 449. There simply was no other evidence to prove that Burke was not totally disabled, as required by the regulation. Finally, although the ALJ did not discuss the negative X-ray of record (which, as pointed out by the Director apparently does not comply with the applicable quality standards), this issue was not raised before the Board, and we decline to consider it.
 
 
 3
 The Board's affirmance of the ALJ's decision and order is rational and supported by substantial evidence. Imperial Colliery v. Burke, No. 85-2096-BLA (BRB June 30, 1988). Accordingly, we affirm on the reasoning of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.