**Forrest G. AUBREY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 90–1495.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.

Decided Oct. 11, 1990.

Forrest G. Aubrey, pro se.

Michael J. Rutledge, Washington, D.C., for respondent.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Forrest G. Aubrey petitions pro se for review of the order on remand of the United States Department of Labor Administrative Law Judge (ALJ) denying his claim for black lung benefits. We dismiss for lack of jurisdiction.

Aubrey filed a claim for black lung benefits on January 20, 1976. Following an administrative hearing, the ALJ denied benefits. Aubrey appealed to the Benefits Review Board (BRB), arguing, inter alia, that the ALJ erred in failing to consider certain X–ray evidence of pneumoconiosis (black lung disease). The BRB affirmed the ALJ's decision, and Aubrey filed a petition for review in this court. The Director filed a motion requesting remand to the ALJ for reconsideration of the X–ray evidence. On September 14, 1987, this court entered the following order: "Respondent's motion to remand this case is granted. This case is hereby remanded to the Office of Administrative Law Judges for further consideration of the evidence of record."

The BRB vacated its decision affirming the ALJ's denial of benefits and remanded the case to the Office of Administrative Law Judges for further proceedings consistent with this court's order. On February 28, 1990, the ALJ issued his order on remand, again denying benefits. Aubrey did not appeal the ALJ's decision to the BRB; rather, on March 23, 1990, he filed a notice of appeal with this court. The Director filed a motion to dismiss for lack of jurisdiction on the ground that this court is without authority to review directly an ALJ's decision.

Any party in interest aggrieved by an ALJ's decision may file an appeal with the BRB. 33 U.S.C. § 921(b), incorporated into the Black Lung Benefits Act by 30 U.S.C. § 932(a). Jurisdiction for courts of appeals is set forth in 33 U.S.C. § 921(c) and provides in pertinent part:

Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition.... Upon such filing, the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified.

The Ninth Circuit has held that under certain circumstances, direct appeal may be taken to a circuit court from an ALJ's order on remand. *See National Steel & Shipbuilding Co. v. Director,* 703 F.2d 417, 418–19 (9th Cir.1983) (direct appeal to circuit court proper where circumstances rendered second appeal to BRB futile and BRB's summary affirmance would have been purely ministerial act). Even if we were to adopt the Ninth Circuit's position, we do not believe that the circumstances of this case rendered a second appeal to the BRB futile. On remand, the ALJ was to reconsider the evidence of record. In effect, the ALJ was authorized to make new

findings of fact, as well as conclusions of law regarding Aubrey's entitlement to black lung benefits. As such, Aubrey must appeal the ALJ's order on remand to the BRB prior to seeking review in this court.

Our dismissal for lack of jurisdiction would not preclude Aubrey's right to appeal to the BRB. *See* 20 C.F.R. § 802.207(a)(2) (notice of appeal timely submitted to other government agency shall be considered filed with BRB if in interest of justice). Aubrey filed his notice of appeal with this court within thirty days of the ALJ's decision. We are confident that the BRB will find it is in the interest of justice to consider this pro se litigant's notice of appeal to be timely filed.

Accordingly, this case is dismissed for lack of jurisdiction. The Clerk of the Court shall forward Aubrey's notice of appeal to the BRB for consideration under 20 C.F.R. § 802.207(a)(2).