974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph STACY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Jewell Coal & Coke
Company, Respondents.
 No. 91-1742.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 11, 1992
Decided: September 3, 1992
 
 Ralph Stacy, Petitioner Pro Se.
 Jeffrey Steven Goldberg, Barbara J. Johnson, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.
 Before RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Ralph Stacy seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's (ALJ's) denial of black lung benefits under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1992). In light of the Benefit Review Board's reliance on the "most recent evidence" rule, and our decision in Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 40 (4th Cir. 1992), we vacate and remand to the Board.
 
 
 2
 To establish entitlement to black lung benefits, a claimant must prove the existence of pneumoconiosis, that such pneumoconiosis was caused by coal mine employment, and that such pneumoconiosis is the cause of his total disability. There are four ways to establish the existence of pneumoconiosis: (1) qualifying chest X-rays; (2) biopsy or autopsy evidence; (3) certain presumptions that the miner is or was suffering from pneumoconiosis under the regulations; or (4) a finding by a physician exercising sound medical judgment that the claimant suffers from pneumoconiosis. 20 C.F.R. § 718.202(a) (1991).[1] The Board's finding that Stacy did not establish the existence of pneumoconiosis should be upheld on appeal if it is supported by substantial evidence. See Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181, 183 (4th Cir. 1991).
 
 
 3
 There is no biopsy or autopsy evidence in the record. The X-ray evidence does not qualify for the presumption under 20 C.F.R. § 718.304 (1991). Nor does Stacy qualify for the presumption under 20 C.F.R. § 718.305 (1991) since he filed his claim for benefits after January 1, 1982. Finally, since this is not a death claim, 20 C.F.R. § 718.306 (1991) is also inapplicable. Therefore, Stacy may only prove the existence of pneumoconiosis by X-rays under 20 C.F.R. § 718.202(a)(1) or through medical opinions under § 718.202(a)(4).
 
 
 4
 The only provisions concerning X-ray evidence applicable to this case are 20 C.F.R. §§ 718.102, 718.202(a) (1991), and appendix A. There were six X-rays and two re-readings. Four of the X-rays, two of which were read by "B" readers, established the existence of pneumoconiosis. However, the ALJ gave greater weight to the two most recent X-rays, which did not establish the existence of the disease, based on the fact that pneumoconiosis is a progressive disease and therefore should be more prominent in more recent X-rays.
 
 
 5
 In Adkins, this Court rejected the "later is better" rule with respect to evaluating irreconcilable X-ray evidence in black lung cases. Here, as in Adkins, there was no explanation why the earlier X-rays should not be entitled to equal weight as the later ones except for their chronology. We therefore remand the case for fuller consideration of the conflicting X-ray evidence in light of Adkins and a reasoned explanation for the credit accorded the evidence.
 
 
 6
 Only one out of five medical opinions established the existence of pneumoconiosis. Again, the ALJ attributed more weight to the most recent medical report which did not establish the existence of the disease.
 
 
 7
 The facts in Adkins did not call into question the applicability of the later evidence rule to medical opinion evidence. However, where, as here, the progressive nature of the disease does not explain the conflicting medical opinions, the "later is better" rule does not offer a reasoned basis for resolving the conflict. Thus, on remand the medical opinion evidence should be reconsidered as well.
 
 
 8
 The decision of the Board is vacated and the case is remanded for proceedings consistent with this opinion.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[3]
 
 VACATED AND REMANDED
 
 
 [1]
 Since Stacy's claim was filed after March 31, 1980, he is not entitled to the interim presumption under 20 C.F.R. § 727.203(a) (1991). See 20 C.F.R. § 718.2 (1991)
 
 
 [2]
 Because the Board did not address the issue of total disability, we also have not addressed that issue. We note, however, that the ALJ's finding of no disability also relied in part on the discredited"later is better" rule
 
 
 [3]
 The ALJ dismissed Jewell Coal and Coke Company as a responsible operator based on the fact that Stacy worked as a mudder and coke burner at the company's coke ovens, and such work is not considered part of the preparation of coal as defined by the Act. Morris v. Director, Office of Workers' Compensation Programs, 6 Black Lung Rep. (MB) 1-653 (Ben. Rev. Bd. Nov. 29, 1983). The Board affirmed this finding based on its belief that Stacy did not raise the issue in his appeal to the Board. We find evidence in the record to the contrary. Although reviewing courts must generally affirm an agency decision based on the agency's reasons, see Securities & Exchange Comm'n v. Chenery Corp., 318 U.S. 80 (1943), where as here, the Board would have reached the same ultimate conclusion on an alternative ground, we may affirm on reasons other than those given by the Board. See Consolidation Coal Co. v. Smith, 837 F.2d 321, 323 n.3 (8th Cir. 1988). Because we have concluded in prior cases that coke oven work is not covered by the Act, Sexton v. Mathews, 538 F.2d 88, 89 (4th Cir. 1976) (per curiam), we affirm the Board's order in this respect. We deny, however, the motion to reform the caption to delete Jewell Coal and Coke Company as a party to this appeal