**Albert OLIVER, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.**

**No. 92–3787.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1993.

Decided May 24, 1993.

David L. Rush, Paris, AR, for petitioner.

Jill M. Otte, Barbara L. Johnson, Donald S. Shire and Judith E. Kramer, U.S. Dept. of Labor, Washington, DC, for respondent.

Before FAGG, BEAM and HANSEN, Circuit Judges.

PER CURIAM.

Albert R. Oliver petitions for review of the order of the Benefits Review Board (BRB), entered on remand, affirming an Administrative Law Judge's (ALJ) order denying benefits under the Black Lung Benefits Act (BLBA), 30 U.S.C. §§ 901–962 (1988). After carefully reviewing the record, we affirm.

We previously remanded this case for reconsideration of all the medical evidence under 20 C.F.R. § 727.203(a)(4), in particular the opinions of Drs. Berry and Davis. *Oliver v. Director, OWCP*, 888 F.2d 1239, 1242–43 (8th Cir.1989). On remand the ALJ denied benefits, and the BRB affirmed. Oliver timely filed this second petition for review.

 We ascertain whether the BRB properly adhered to its standard of review—the BRB's role is to evaluate "the ALJ's decision for prejudicial errors of law and to determine whether the factual findings are supported

by substantial evidence in the record as a whole." *Campbell v. Director, OWCP,* 846 F.2d 502, 506 (8th Cir.1988). We also review whether the ALJ's decision was supported by substantial evidence and was reached in conformance with the applicable law. *Id.* If so, "the ALJ's determination is conclusive and it is immaterial that the facts permit the drawing of diverse inferences." *Id.*

We conclude the BRB properly adhered to its standard of review and the ALJ's decision was supported by substantial evidence and is in accordance with the law. Substantial evidence supports the ALJ's determination that the medical evidence did not invoke the presumption of disability under section 727.203(a)(4). The opinions of Drs. Berry and Davis were not reasoned medical opinions under section 727.203(a)(4) because they did not assess Oliver's physical limitations and merely diagnosed some degree of a respiratory or pulmonary disease. *See Migliorini v. Director, OWCP,* 898 F.2d 1292, 1296 (7th Cir.), *cert. denied,* 498 U.S. 958, 111 S.Ct. 385, 112 L.Ed.2d 396 (1990) (medical opinion must establish claimant's total disability); *Clay v. Director, OWCP,* 7 BLR 1–82, 1–84 (Benefits Review Bd.1984) (per curiam) (chronic obstructive pulmonary disease is insufficient in and of itself to establish totally disabling pulmonary impairment). Similarly, Dr. Lamberton's opinion merely diagnosed mild chronic pulmonary disease and did not list Oliver's employment history. *See Migliorini,* 898 F.2d at 1295; *Ware v. Director, OWCP,* 814 F.2d 514, 516 (8th Cir. 1987). Thus, the BRB properly concluded that the ALJ's incorrect quotation of one word in Dr. Lamberton's report and the ALJ's failure to consider Dr. Davis's opinion in detail were not prejudicial errors.

The BRB properly rejected Oliver's claim that the Director could not attack Dr. Lamberton's report because he evaluated Oliver at DOL's request. We observe that Dr. Lamberton was not the only doctor who examined Oliver at the request of the DOL. *See* 30 U.S.C. § 923(b) (1986); 20 C.F.R. §§ 718.101, 727.203(c) (1992). Thus, although DOL challenged Dr. Lamberton's medical opinion, the DOL discharged its duty to provide Oliver a complete pulmonary evaluation because it regarded Dr. Stevens's opinion, also prepared at its request, as cred-

ible. *Cf. Cline v. Director, OWCP,* 917 F.2d 9, 11 (8th Cir.1990); *Newman v. Director, OWCP,* 745 F.2d 1162, 1166 (8th Cir.1984) (per curiam).

To the extent Oliver claims he raised the presumption under 727.203(a)(1), we note he did not dispute that Dr. Lamberton was not board-certified in radiology or a B-reader. The ALJ properly declined to rule on the reliability of the Cavitron SC–20 Spirometric computer as the results generated by the Cavitron were not used to support any of the medical opinions at issue.

Accordingly, we affirm.