_____

No. 95-2259
_____

Bernice Van Dyke,                    *
                                     *
          Petitioner,                *
                                     *
                                     *   On Petition For Review of an Order
     v.                              *   of the Benefits Review Board.
                                     *
Missouri Mining, Inc.;               *
Wausau Insurance Company; and        *
Director, Office of Workers'         *
Compensation Programs, United        *
States Department of Labor,          *
                                     *
          Respondents.               *

_____

          Submitted:    January 10, 1996

             Filed:    March 7, 1996
_____

Before WOLLMAN, CAMPBELL*, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

     Bernice Van Dyke, widow of coal miner James Van Dyke, petitions for
review of an order by the Benefits Review Board of the Department of Labor
(BRB) affirming the denial of benefits by an Administrative Law Judge (ALJ)
under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945.

     James Van Dyke spent 27 years working at coal mines.  His last

_____

     *The HONORABLE LEVIN H. CAMPBELL, United States Circuit
Judge for the First Circuit, sitting by designation.

job was at Missouri Mining, Inc., where he shoveled coal at the coal tipple and helped regulate the water valves as a coal washer. In 1973, he began coughing up brown phlegm and having trouble breathing when he walked. He stopped working in 1979, a few months after hurting his back and hip in a mine accident.

Van Dyke filed his first claim for disability benefits under the Black Lung Benefits Act in 1974. He abandoned this claim after an initial denial, and filed a new claim in 1976. After an administrative hearing in 1982, ALJ Virgil M. McElroy awarded him benefits based on a pulmonary function test (pft), fiberoptic bronchoscopy, and a report by Dr. Rolf E. Gryte, who had concluded that Van Dyke suffered from pneumoconiosis (black lung disease). The BRB vacated and remanded because the ALJ had failed to consider contrary medical evidence when he invoked an interim presumption of disability due to pneumoconiosis, pursuant to 20 C.F.R. § 727.203(a), and when he decided that there was insufficient rebuttal evidence under 20 C.F.R. § 727.203(b).

Judge McElroy affirmed the award of benefits in 1986. Although one pft would have favored invoking the presumption of disability and a more recent test would not have, the ALJ resolved his "true doubt" as to which test result to follow in the worker's favor and concluded that the employer had not rebutted the presumption of disability.[1]

The BRB again vacated and remanded the case in 1993. It vacated the conclusion that the disability presumption had been invoked because Judge McElroy had failed to discuss Dr. Mitchell's invalidation of Dr. Gryte's pft values. In addition, Judge McElroy had not properly explained why he had relied on Dr. Gryte's

---

[1]The Supreme Court has since struck down the "true doubt" rule as violating the standards of proof required by § 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d). Director v. Greenwich Collieries, 114 S.Ct. 2251, 2259 (1994).

diagnosis rather than Dr. Hollinger's contrary opinion. Instead, he had noted that Dr. Hollinger was often hired by employers and incorrectly stated that Dr. Gryte was board-certified in internal medicine. Finally, the BRB vacated Judge McElroy's determination that Missouri Mining had not rebutted the presumption of disability because he did not consider negative x-ray results and other medical evidence in addition to Van Dyke's work history.

After the case was remanded in 1993, Judge Edward Murty, Jr. was assigned to review it since Judge McElroy had retired. Prior to this assignment, all parties were sent a notice of Judge McElroy's retirement and the intent to transfer the case to a new ALJ. The notice also mentioned an opportunity to object; no objection was made.

Judge Murty denied Van Dyke benefits in a 1994 decision after he had reviewed all of the evidence. He pointed out that three x-ray readings and two arterial blood gas studies were negative for pneumoconiosis. Of the four pfts in the record, one was invalidated for lack of effort, and another, relied upon by Dr. Gryte, was invalidated for inconsistent values. The two remaining pft results did not qualify for pneumoconiosis and therefore did not justify invoking the presumption of disability due to pneumoconiosis.

Judge Murty also found that Dr. Hollinger, a pulmonary disease specialist, was more reliable than Dr. Gryte since the latter had relied on an invalidated pft. Dr. Hollinger had diagnosed Van Dyke as having chronic obstructive pulmonary disease related to his thirty years of cigarette smoking, followed by several years of pipe smoking. The ALJ noted that Van Dyke's job as a coal washer required little physical exertion and that Van Dyke had told an investigator that he had quit his job because of his back injury. Based on all of this evidence, Judge Murty concluded that Van Dyke was not entitled to a presumption of disability under 20 C.F.R.

3

727.203(a), and that he had not demonstrated that he had pneumoconiosis. The BRB affirmed the denial of benefits on March 29, 1995, and Van Dyke petitioned this court for review.

Van Dyke does not focus on the BRB's recent decision in 1995 which affirmed Judge Murty's denial of benefits. Although the petition for review formally sought review of all prior decisions, including the BRB's 1995 order, Van Dyke's brief focuses on whether the BRB erred in vacating and remanding Judge McElroy's award of benefits in 1986. Counsel conceded at oral argument that there was substantial evidence to support Judge Murty's 1994 decision, but petitioner argues that the second award of Judge McElroy in 1986 should have been affirmed because it was supported by substantial evidence and was in accordance with the law.

Missouri Mining responds that we lack jurisdiction over the thrust of Van Dyke's argument because we are limited to reviewing the BRB's latest decision in 1995. It also argues that Van Dyke waived consideration of Judge McElroy's 1986 decision by failing to exhaust administrative remedies.[2] In any case, Missouri Mining argues that the BRB correctly vacated Judge McElroy's decision because it was based on several errors of law and later affirmed Judge Murty's denial of benefits.

Congress created a special system for review of black lung benefit claims. It is up to an ALJ to resolve conflicting medical

---

[2]Missouri Mining contends that because Van Dyke did not seek reconsideration of the BRB's remand of Judge McElroy's 1986 decision, she has not exhausted her administrative remedies and has waived her right to challenge that BRB action. Generally, a claimant must exhaust her administrative remedies by seeking a final decision from the agency before going to court. See Consolidation Coal Co. v. Smith, 837 F.2d 321, 323 n.3 (8th Cir. 1988). Under the Black Lung Benefits Act, however, a claimant need not seek reconsideration of a BRB decision before petitioning to this court. See 20 C.F.R. § 802.407 (a party "may" request reconsideration of a BRB decision within thirty days).

4

evidence and to determine whether to award benefits. See, e.g., Phillips v. Director, OWCP, 768 F.2d 982, 984 (8th Cir. 1985) (it is within the ALJ's discretion as finder of fact to determine whether a physician's report is sufficiently documented and reasoned to support a claim). A claimant may challenge the ALJ's decision on appeal to the BRB. 33 U.S.C. § 921(b); Aubrey v. Director, OWCP, 916 F.2d 451, 452-53 (8th Cir. 1990). The BRB's scope of review is limited, and it must affirm the ALJ's decision if there are no prejudicial errors of law and the factual findings are supported by substantial evidence in the record as a whole. 33 U.S.C. § 921(b)(3); Oliver v. Director, OWCP, 993 F.2d 1353, 1353-54 (8th Cir. 1993). The BRB is not authorized to undertake a de novo review or to substitute its views for those of the ALJ. Yauk v. Director, OWCP, 912 F.2d 192, 194 (8th Cir. 1989).

Our jurisdiction is predicated on the issuance of a final order by the BRB pursuant to 33 U.S.C. § 921(c). This provision states in part that:

> Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred . . . . Upon such filing [of petition for review], the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified.

33 U.S.C.A. § 921(c) (1986).

Here, the BRB's 1993 decision was not a final order because it merely vacated and remanded Judge McElroy's decision for further findings, without resolving Van Dyke's claims. See Bartley v. L & M Coal Co., 901 F.2d 1311, 1313 (6th Cir. 1990) (ALJ's initial decision which was vacated and remanded by the BRB could not constitute the final disposition of the claim); Redden v. Director,

OWCP, 825 F.2d 337, 338 (11th Cir. 1987) (BRB order vacating and remanding is not a final order because it neither fixes employer's liability nor claimant's right to benefits).

The BRB's 1995 order was its final decision because it determined the liabilities and rights at stake by affirming the denial of benefits. Van Dyke's petition for review of the BRB's 1995 decision therefore authorizes our jurisdiction over the proceeding pursuant to 33 U.S.C. § 921(c).

Although our review arises from the BRB's 1995 order, we are entitled to look at the entire record in determining whether the BRB committed errors of law or adhered to its standard of review, and whether the ALJ's decision was supported by substantial evidence and reached in conformance with the applicable law. See Robinson v. Missouri Mining Co., 955 F.2d 1181, 1183 (8th Cir. 1992); Oliver, 993 F.2d at 1353-54; Cline v. Director, OWCP, 917 F.2d 9, 10 (8th Cir. 1990).

In this case, a thorough review of the record reveals no errors by the BRB in the earlier stages of the proceeding that should taint its final decision. The BRB vacated Judge McElroy's 1986 decision because it was premised on legal errors. These errors included Judge McElroy's failure to discuss Dr. Mitchell's invalidation of the MVV values on Dr. Gryte's pulmonary function study and the negative x-ray evidence prior to making his findings. See Phillips, 768 F.2d at 985 (finder of fact must examine the validity of a medical opinion in light of contrary test results or diagnosis). Judge McElroy also improperly credited Dr. Gryte's opinion over Dr. Hollinger's contrary report because Dr. Hollinger worked for mine operators, see Richardson v. Perales, 402 U.S. 389, 403 (1971) (bias not established by mere fact that physician received a fee from a party), and he stated that Dr. Gryte was board-certified in internal medicine when there was no evidence of such qualification. Compare Long v. Bowen, 866 F.2d 1066, 1067

6

(8th Cir. 1989) (affirming ALJ decision where greater weight given to doctors whose credentials were not in doubt). The BRB should not affirm a decision containing prejudicial errors of law, so even if Judge McElroy's findings could be said to have been supported by substantial evidence, his decision was properly vacated and remanded "for further appropriate action." 33 U.S.C. § 921(b)(4); <u>Oliver</u>, 993 F.2d at 1353.

Even though Van Dyke's challenge does not focus on the BRB's affirmance of Judge Murty's decision, we have also carefully reviewed the record as to that. We conclude that the BRB limited itself to the proper standard of review and that Judge Murty's findings were supported by substantial evidence and were reached in accordance with the applicable law. <u>See</u> <u>Oliver</u>, 993 F.2d at 1354. We therefore affirm the BRB's March 29, 1995 order denying benefits.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7