Everette C. PHILLIPS, Appellee,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Appellant.

No. 84–2472.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1985.

Decided July 26, 1985.

Roger T. Jeremiah, Fort Smith, Ark., for appellant.

Bruce A. McDonald, U.S. Dept. of Labor, Washington, D.C., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and REGAN *, Senior District Judge.

REGAN, Senior District Judge.

Everette C. Phillips appeals from a decision of the Benefits Review Board (BRB) of the United States Department of Labor which affirmed the denial by an Administrative Law Judge (ALJ) of Phillips' claim for benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, and the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. For the reasons stated herein, we affirm.

Phillips filed a claim for federal black lung benefits in March, 1976 with the United States Department of Labor, Office of Workers Compensation Programs (OWCP).

OWCP denied his claim in June, 1980. Phillips then requested an administrative hearing of his claim and a hearing was held in September, 1981. In June, 1982, the ALJ entered a Decision and Order denying Phillips' claim for benefits, finding that the medical evidence failed to establish Phillips' entitlement to invoke the "interim presumption" of 20 C.F.R. § 727.203(a). Phillips appealed the decision to the Benefits Review Board. In September, 1984 the BRB affirmed the Decision and Order of the ALJ denying benefits.

The issue raised on appeal is whether the decision of the Benefits Review Board is supported by substantial evidence in the record considered as a whole as required by 33 U.S.C. § 921(b)(3). Specifically, Phillips contends that the Board's decision is not based on substantial evidence in that the Board failed to find that the report of Dr. Underwood constituted a "documented opinion of a physician exercising reasoned medical judgment" sufficient to invoke the "interim presumption" of disability due to pneumoconiosis found in 20 C.F.R. § 727.-203(a)(4).[1]

The Benefits Review Board found that although Dr. Underwood's report was documented, it was not reasoned because the documentation allegedly relied upon by Underwood does not support his conclusion that Phillips is totally disabled due to pneumoconiosis.

■ We note at the outset that our review of BRB decisions is limited:

"The court of appeals scrutinizes Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations. [Citations omitted.] The Board's function is

---

* The Honorable JOHN K. REGAN, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. 20 C.F.R. § 727.203(a) provides in pertinent part:
   § 727.203 Interim presumption.
   (a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment if one of the following requirements is met: ... (4) other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment.

similarly limited. It is not empowered to engage in de novo review but rather is limited to reviewing the ALJ's decision for errors of law and to determine whether the factual findings are supported by substantial evidence in the record as a whole. 33 U.S.C. § 921(b)(3); 20 C.F.R. § 802.301.

*Director v. Rowe*, 710 F.2d 251, 254 (6th Cir.1983), *cited in, Newman v. Director, Office of Workers' Compensation Programs*, 745 F.2d 1162, 1164 (8th Cir.1984); *see also Hon. v. Director, Office of Workers' Compensation Programs*, 699 F.2d 441, 444 (8th Cir.1983). The determination of whether a physician's report is sufficiently documented and reasoned is essentially a credibility matter and is for the finder of fact to decide. *Director, Office of Workers' Compensation Programs v. Rowe*, 710 F.2d 251, 255 (6th Cir.1983).

■ Having examined the decisions of the BRB and of the ALJ, and after a thorough review of the record, we find that the decision of the BRB which affirmed the ALJ's denial of Phillips' claim for benefits is supported by substantial evidence in the record as a whole and is not clearly erroneous. The August 24, 1981 report of Dr. Underwood is not a "reasoned medical judgment" sufficient to invoke the interim presumption of disability due to pneumoconiosis of 20 C.F.R. § 727.203(a) because there is a complete lack of reasoning to explain why Dr. Underwood's diagnosis is directly contrary to the diagnosis supported by medical evidence of record in this case and upon which Dr. Underwood relied in writing his report.

The medical evidence of record consisted of: 1) chest x-ray interpretations; 2) ventilatory function studies; 3) reports of arterial blood gas studies; and 4) physicians' reports. A June, 1981 x-ray, interpreted by Dr. Underwood, showed left ventricular enlargement, fibrosis in the left base, generalized pulmonary hyperexpansion most likely due to emphysema, and right pneumonitis. In June, 1981, Phillips had pulmonary function values ($FEV_1$) of 2.98 and 3.61. These numbers are substantially greater than the prescribed disability qualifying values of 20 C.F.R. § 727.203(a)(2). Phillips' June, 1981 blood gas study showed Phillips had a $pCO_2$ of 37 and a $pO_2$ of 83. A 1980 blood gas study showed a $pCO_2$ of 38.5 and a $pO_2$ of 82. Phillips ventilatory function capacity on April 11, 1980 showed an $FEV_1$ of 3.61 and an MVV of 144. These blood gas studies showed there was no impairment in the transfer of oxygen from Phillips' lung alveoli to his blood. See 20 C.F.R. § 727.203(a)(3). Phillips' ventilatory function capacity studies show an increase in capacity from 1972, a result directly contrary to that expected from a person afflicted with pneumoconiosis.

An April, 1980 x-ray interpretation by Dr. Parker indicated that there was a question of obstructive pulmonary change. The April, 1980 x-ray, as well as a June, 1981 x-ray, were read by Dr. Sargent, a "B" reader, who interpreted each one as negative for pneumoconiosis. The ALJ found Dr. Sargent's negative interpretations more persuasive than Dr. Parker's single interpretation. All other radiological evidence submitted was negative for pneumoconiosis.

The ALJ found that Phillips had suffered several strokes and myocardial infarctions. The ALJ found that to the degree Phillips suffers dyspnea, it is proximate to his cardiac deficiency. No medical reports, other than the report of Dr. Underwood, supported a finding that Phillips was suffering from pneumoconiosis. No medical reports, other than the report of Dr. Underwood, found Phillips to be suffering from any totally disabling respiratory or pulmonary impairment.

■ The mere fact that a black lung claimant's x-rays are negative and his pulmonary function studies are normal does not in itself establish that the claimant is not suffering from pneumoconiosis. *Peabody Coal v. Director, Office of Workers' Compensation Programs*, 581 F.2d 121, 123 (7th Cir.1978). Where, as here, the objective clinical evidence shows an *improvement* in pulmonary function capacity, rather than the progressive *impairment*

expected from a person suffering from pneumoconiosis, any medical report which states in conclusory terms that the claimant is suffering from pneumoconiosis, and which fails to explain how that conclusion is reached, particularly in light of contrary clinical evidence, is not based upon "reasoned medical judgment". Such a medical report is, therefore, insufficient to invoke the interim presumption under 20 C.F.R. § 727.203(a)(4).

We note:

> The mere fact that an opinion is asserted to be based upon medical studies cannot by itself establish as a matter of law that it is documented and reasoned. Rather, that determination requires the factfinder to examine the validity of the reasoning of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based. Of course, the factfinder should also consider any contrary test results or diagnosis in reaching a decision as to whether a statutory presumption applies and ultimately whether the claimant is totally disabled.

*Director, OWCP v. Rowe, supra,* at 255.

Having considered the absence of reasoning in the report of Dr. Underwood, and in light of the objective medical test results to the contrary, we concur with the BRB and the ALJ that the report of Dr. Underwood is not a "documented opinion of a physician exercising reasoned medical judgment" sufficient to invoke the interim presumption of 20 C.F.R. § 727.203(a)(4). Additionally, we find that the decisions of the BRB and ALJ were based on substantial evidence in the record as a whole. Accordingly, we affirm.