873 F.2d 1442
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest WEST, Petitioner,
v.
EASTERN ASSOCIATED COAL CORPORATION; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 88-2584.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 8, 1989.
Decided: April 4, 1989.
 
 Frederick Klein Muth (Hensley, Muth, Garton & Hayes, on brief), for petitioner.
 Mark Elliott Solomons (Arter & Hadden, on brief), for respondent Eastern Associated Coal Corporation.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this case we must determine if plaintiff Ernest West is totally disabled within the meaning of the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq., as a result of pneumoconiosis. The administrative law judge found plaintiff was not totally disabled and denied him benefits. We affirm.
 
 I.
 
 2
 Plaintiff Ernest West is 66 years old and has one dependent, his wife. He was employed in the coal mining industry for 39 years. His last coal mine employment ended in April 1981, at which time he had been working for his employer, Eastern Associated Coal Corporation, for approximately 15 years. Plaintiff testified he ceased his employment in 1981 on the advice of his treating physician because of medical problems associated with arthritis and high blood pressure. He was awarded Social Security disability benefits because of these ailments. Plaintiff also testified he had engaged in no occupation or employment since his retirement.
 
 
 3
 Plaintiff weighs 260-273 lbs. and is 5'7" tall. He smoked two packages of cigarettes daily for at least twenty years. In 1982 or 1983, he had replacement knee surgery and now walks with a cane. He has cardiovascular disease and is afflicted with simple pneumoconiosis.
 
 
 4
 Plaintiff filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq., on April 11, 1980. The U.S. Department of Labor denied his claim on April 2, 1981, and again on July 7, 1981. On July 10, 1981, plaintiff requested an administrative hearing. On June 24, 1986, a hearing was held before an administrative law judge who denied him benefits on October 27, 1986. The ALJ, noting a conflict of medical opinions, found that since neither the ventilatory nor the arterial blood-gas studies indicated total disability, the findings of those physicians who determined the claimant was not disabled should be given greatest weight. Plaintiff appealed and the Benefits Review Board affirmed the ALJ's decision. The Board concluded that it is appropriate for an ALJ to credit the opinions of those experts who are supported by the weight of objective medical data. Plaintiff appeals.
 
 II.
 
 5
 Because West filed his claim on April 10, 1980, the regulations set forth in 20 C.F.R. Secs. 718 et seq., govern. 20 C.F.R. Sec. 718.2. Under Part 718 a miner must prove that he has pneumoconiosis, that he contracted it through his coal mine employment, and that he is totally disabled due to the disease. 20 C.F.R. Secs. 718.201-.204; Director, OWCP, U.S. Dept. of Labor v. Mangifest, 826 F.2d 1318, 1320 (3rd Cir.1987); Strike v. Director, OWCP, U.S. Dept. of Labor, 817 F.2d 395, 399 (7th Cir.1987). Of these requirements, only the third is at issue.
 
 
 6
 A miner is totally disabled if he is incapable of performing his regular coal mine work and comparable work. 20 C.F.R. Sec. 718.204. Specific medical criteria set threshold total disability standards for pulmonary function test results, arterial blood gas test results, and other medical findings. Id. These criteria also permit a finding of total disability if:
 
 
 7
 a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in [his usual mine work and other similar gainful employment in the immediate area].
 
 
 8
 Id. at Sec. 718.204(c)(4). Here plaintiff relies on Sec. 718.204(c)(4) and must carry the burden of proving total disability by a preponderance of the evidence. 20 C.F.R. Sec. 718.403.
 
 
 9
 The ALJ found no total disability "[b]ecause of the compatibility of the findings of the physicians who found disability to be lacking with the results of the objective tests, ..." Appellant maintains that the ALJ erred in not crediting the opinions of Drs. Buddington and Cardona, who found appellant totally disabled, and improperly engaged in his own interpretation of the objective medical data.
 
 
 10
 We disagree. The Act requires the ALJ to consider all relevant evidence, "where relevant." 30 U.S.C. Sec. 923(b); Mullins Coal Co., Inc. of Virginia v. Director, OWCP, U.S. Dept. of Labor, 108 S.Ct. 427, 435 (1987). While Sec. 718.204(c)(4) permits a finding of total disability if a reasoned and documented medical report establishes disability in "the absence of contrary probative evidence," it gives no warrant to ignore the entire remainder of the record because one physician finds disability. Courts, moreover, have encouraged ALJs to examine the reasoning and documentation supporting a physician's conclusions. Phillips v. Director, OWCP, 768 F.2d 982, 985 (8th Cir.1985), quoting Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983) ("factfinder [required] to examine the validity of the reasoning of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based"); Dempsey v. Director, OWCP, U.S. Dept. of Labor, 811 F.2d 1154, 1162-63 (7th Cir.1987).
 
 
 11
 Here substantial evidence supports the ALJ's conclusion. Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir.1985); Wilson v. Benefits Review Board, 748 F.2d 198, 200 (4th Cir.1984). Dr. Daniel concluded that plaintiff had pneumoconiosis, but that there was no clear evidence of pulmonary dysfunction. He found West was disabled solely due to non-occupational arthritis and hypertension. Dr. Piracha noted only "minimal" pulmonary disease, not total disability. While Dr. Buddington testified by way of deposition that plaintiff was totally disabled, he did not testify that plaintiff's disability was the result of pneumoconiosis and his medical report notes only partial respiratory disability. Moreover, while Dr. Cardona found plaintiff to be totally disabled, a computer analysis of Dr. Cardona's tests indicated the tests showed no obstructive respiratory defects.
 
 
 12
 Objective medical data confirms the findings of Drs. Daniel and Piracha. Arterial blood gas and pulmonary function studies indicate pulmonary capabilities that are uniformly normal or near normal. In contrast, Dr. Cardona's conclusions are inconsistent with the objective data reported and, as Dr. Daniel testified by way of deposition, Dr. Cardona incorrectly read his own blood gas results as if they were performed at sea level. In doing so he ignored the fact that blood gas studies are sensitive to the altitude of the test site.
 
 
 13
 This circuit has made clear that the ALJ is in the best "position to assess the weight and sufficiency of the evidence...." Zbosnik, 759 F.2d at 1190. Because substantial evidence supports the ALJ's decision, the decision of the Benefits Review Board is
 
 
 14
 AFFIRMED.