68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd F. ELLIS, Petitioner,
v.
GREAT WESTERN COAL, INC.; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-3758.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Floyd F. Ellis, pro se, petitions for review of the Benefits Review Board's Decision and Order denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Ellis filed his claim for benefits on September 17, 1990. The Department of Labor administratively denied this claim and the claim was referred to an Administrative Law Judge (ALJ) for a hearing. This hearing took place on October 20, 1992. Thereafter, the ALJ issued a Decision and Order Denying Benefits. Applying Part 718 of the regulations, the ALJ considered all the evidence and testimony, but determined that the claimant had failed to establish he was suffering from pneumoconiosis. The Board affirmed the ALJ's Decision as supported by substantial evidence. On appeal to this court, Ellis argues that the agency failed to look at all the facts concerning his health and that the ALJ erred by not considering all of the doctors' opinions equally.
 
 
 4
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir. 1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir. 1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir. 1985).
 
 
 5
 Because Ellis's claim was filed after March 31, 1980, the ALJ and Board properly analyzed it under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir. 1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir. 1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 The ALJ properly found that none of the x-ray readings were positive for the existence of pneumoconiosis. Thus, the ALJ properly found that pneumoconiosis could not be established under Sec. 718.202(a)(1). Because there was no autopsy or biopsy evidence of record, and because no complicated pneumoconiosis was found, the existence of the disease could not be established under Sec. 718.202(a)(2), or Sec. 718.202(a)(3). Moreover, the ALJ properly concluded that the presumptions contained under Secs. 718.304, 718.305, and 718.306 were not applicable to Ellis's claim.
 
 
 7
 Lastly, this court will not disturb the ALJ's conclusion that the medical opinions of record do not support a finding of pneumoconiosis under Sec. 718.202(a)(4). Given this court's limited scope of review, the court may not substitute its own judgment for that of the ALJ, when the ALJ has carefully considered each medical opinion and has provided his rationale for crediting or discrediting each report. See Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir. 1994); Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir. 1989).
 
 
 8
 As the ALJ appropriately noted, Dr. Kanwal did not provide any statement or reasons for his finding of the presence of pneumoconiosis. Dr. Kanwal equivocally found that an x-ray taken in February of 1991 showed the lung fields were "emphysematous" and "concomitant with" 0/1 category of pneumoconiosis, which is not considered evidence of the disease under the regulations. See 20 C.F.R. Sec. 718.102(b). The ALJ could discredit Dr. Kanwal's medical report as unreasoned, because the report failed to explain the conclusion reached, particularly in light of contrary evidence. Phillips v. Director, OWCP, 768 F.2d 982, 984 (8th Cir. 1985); Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983). Contrary to the claimant's argument, it was also within the ALJ's discretion to assign greater probative weight to Dr. Dahhan's report, based on that physician's superior credentials in pulmonary disease and based upon the objective medical tests relied upon in that physician's medical report. Because this court must defer to an ALJ's determinations of credibility and resolutions of inconsistencies in testimony, including the weight to be accorded to physicians' opinions, see Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir. 1988) (per curiam), the court must affirm the Board's decision denying benefits based on the ALJ's conclusion that Ellis failed to prove the existence of pneumoconiosis.
 
 
 9
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation