**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES STEEL MINING
COMPANY, INCORPORATED,
Petitioner,

v.

BRENDA J. WILKERSON, Widow of

Willie C. Wilkerson; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 99-1852

On Petition for Review of an Order
of the Benefits Review Board.
(98-1078-BLA)

Submitted: October 8, 1999

Decided: February 8, 2000

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Howard G. Salisbury, Jr., KAY, CASTO & CHANEY, P.L.L.C.,
Charleston, West Virginia, for Petitioner. Roger D. Forman, FOR-
MAN & CRANE, L.C., Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

United States Steel Mining Company ("employer") petitions for review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision to award black lung survivor's benefits to Brenda Wilkerson, the widow of Willie Wilkerson, a former coal miner. The only issue in this appeal is whether pneumoconiosis caused or contributed to the miner's death. We review the Board's decision to determine whether the Board properly found the ALJ's decision supported by substantial evidence and in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

Employer contends on appeal that substantial evidence does not support the ALJ's finding of causation in this case. That finding rested solely on the brief letter report of Dr. Hansbarger, which stated that pneumoconiosis contributed but was not a major cause of the miner's death. The death certificate listed numerous conditions as contributors to death but did not mention pneumoconiosis, while Dr. Gaziano, retained by the Department of Labor, reviewed the medical evidence of record and concluded that pneumoconiosis played no role in the miner's death. Dr. Hansbarger conducted the autopsy on Mr. Wilkerson, but like Drs. Lawton and Gaziano, found that the immediate cause of death was a ruptured thoracic aneurysm. The autopsy report stated that the miner's lung contained "mild" anthracosilicosis but did not list pneumoconiosis as a secondary factor contributing to death but rather characterized the disease as "incidental."

Although it is the province of the ALJ to make credibility determinations and resolve inconsistencies in the evidence, the ALJ's power is subject to the substantial evidence requirement. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993). Only medical opinions that constitute a "reasoned medical judgment" may pro-

2

vide substantial evidence supporting an ALJ's findings. <u>See Freeman United Coal Min. Co. v. Cooper</u>, 965 F.2d 443, 448 (7th Cir. 1992). A reasoned medical opinion rests on documentation adequate to support the physician's conclusions. <u>Id.</u> Moreover, it is settled that a bald statement of a conclusion, unsupported by any explanation of the basis for the statement, does not qualify as a reasoned medical judgment. <u>See Lango v. Director, Office of Workers' Compensation Programs</u>, 104 F.3d 573, 577 (3d Cir. 1997); <u>Phillips v. Director, Office of Workers' Compensation Programs</u>, 768 F.2d 982, 985 (8th Cir. 1985); <u>Director, Office of Workers' Compensation Programs v. Rowe</u>, 710 F.2d 251, 255 (6th Cir. 1983).

Dr. Hansbarger's letter is both unreasoned and undocumented. Even if, however, we looked to the autopsy report he also prepared to attempt to find a basis for his opinion, none is apparent. Indeed, his findings in the autopsy report that the miner's pneumoconiosis was mild and incidental are, if anything, contrary to the causation opinion he expressed in his letter report. We are therefore constrained to conclude that Dr. Hansbarger's letter is insufficient to support the ALJ's finding of causation. As the record contains no other evidence tending to support Ms. Wilkerson's burden to prove causation, we must reverse the Board's decision and remand with instructions to further remand this claim to an ALJ for entry of a denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED WITH INSTRUCTIONS</u>

3