John P. CHURCH, Petitioner,

v.

BEBE COAL CORPORATION; Old Republic Insurance Company; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 00–4169.

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; McKEAGUE, District Judge.*

### ORDER

John P. Church, proceeding pro se, petitions for review of the Benefits Review Board's decision and order denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Church filed an application for black lung benefits with the Department of Labor (DOL) on November 18, 1996. The DOL denied his claim on March 20, 1997. Church's appeal, which was submitted more than 60 days following this denial, was construed as a request for modification pursuant to 20 C.F.R. § 725.310. The request was denied on January 26, 1998, and the claim was forwarded to the Office of Administrative Law Judges. By agreement of the parties, the administrative law judge (ALJ) considered the claim on the record and issued a decision and order denying benefits on July 20, 1999. The ALJ found that Church had established 30 years of qualifying coal mine employment, most recently as a mine inspector for the DOL, but that he had failed to establish either that he suffered from pneumoconiosis arising out of his coal mine employment, or that he was totally disabled due to pneumoconiosis. On August 10, 2000, the Benefits Review Board (Board) affirmed the ALJ's decision and order.

In his petition for review, Church argues that the ALJ erred in failing to find that his chronic obstructive pulmonary disease arose from his many years of coal mine employment and that the ALJ erroneously gave greater weight to the opinions of the doctors who filed reports on behalf of the coal company.

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its scope of review of the ALJ's determinations. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

it is supported by substantial evidence and is in accordance with the applicable law. *Id.* This court does not reweigh the evidence or substitute its judgment for that of the ALJ. *Gray v. SLC Coal Co.,* 176 F.3d 382, 387 (6th Cir.1999). Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir. 1995).

■ The ALJ properly analyzed Church's claim as a request for modification under 20 C.F.R. § 725.310, since Church's appeal was filed more than 60 days after but within one year of the DOL's March 20, 1997, denial of his application for benefits. *See* 33 U.S.C. § 922, as incorporated by 30 U.S.C. § 932(a); 20 C.F.R. § 725.410(c)(1); *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 229–30 (6th Cir.1994). Section 725.310(a) provides:

> Upon his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the [district director] may, at any time before one year from the date of the last payment of benefits, or at any time before one year after the denial of a claim, reconsider the terms of an award or denial of benefits.

The intended purpose of modification is to vest the fact-finder with broad discretion to correct mistakes, whether demonstrated by wholly new evidence, cumulative evidence, or merely after further reflection on the evidence initially submitted. *See O'Keeffe v. Aerojet–General Shipyards, Inc.,* 404 U.S. 254, 256, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971) (per curiam); *Worrell,* 27 F.3d at 230. Modification cannot be predicated on a mistake of law; the proper recourse in that instance is a direct appeal following the original grant or denial of benefits. *See* 33 U.S.C. § 921; *O'Keeffe,* 404 U.S. at 256, 92 S.Ct. 405.

■ Church's request for modification is governed by Part 718 of the regulations, because he filed his claim after March 31, 1980. *See* 20 C.F.R. § 718.2; *Saginaw Mining Co. v. Ferda,* 879 F.2d 198, 204 (6th Cir.1989). To be entitled to benefits under Part 718, a miner must show that: (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; and (3) the pneumoconiosis rendered him totally disabled. 20 C.F.R. § 718.202–204; *Adams v. Director, OWCP,* 886 F.2d 818, 820 (6th Cir.1989). The claimant must prove each element by a preponderance of the evidence, except insofar as he is aided by a presumption. *Id.*

Pursuant to § 718.202(a)(1), pneumoconiosis may be established by x-ray evidence. The x-ray evidence of record consists of the interpretations of three films by various physicians. In analyzing this evidence, the ALJ permissibly considered the qualifications of the physicians interpreting the films in finding that the negative readings outweighed the positive readings by a preponderance of the evidence. *See Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 146–49, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987); *Staton v. Norfolk & W. Ry.,* 65 F.3d 55, 59–60 (6th Cir.1995). Thus, the evidence supports the ALJ's finding that Church has failed to establish the existence of pneumoconiosis by x-ray evidence.

Because there is no biopsy evidence in the record, Church cannot establish pneumoconiosis under § 718.202(a)(2). Nor can he establish pneumoconiosis pursuant to § 718.202(a)(3) because none of the presumptions found therein is applicable to his claim.

Pursuant to § 718.202(a)(4), a claimant may establish pneumoconiosis by a physician's reasoned medical judgment. In weighing any physician's report of record, the ALJ may take into consideration a number of factors, including the length of time the physician has treated the miner, the qualifications of the physician, the recency of the report, and whether the report is adequately documented and based on accurate data. *See, e.g., Gray,* 176 F.3d at 388; *Brown v. Rock Creek Mining Co.,* 996 F.2d 812, 816 (6th Cir.1993); *Phillips v. Director, OWCP,* 768 F.2d 982, 984 (8th Cir.1985); *Director, OWCP v. Rowe,* 710 F.2d 251, 255 (6th Cir.1983). This court will defer to the ALJ's determination of credibility and resolution of inconsistencies in testimony, including the weight to be accorded to physicians' opinions, where the ALJ's determinations are supported by substantial evidence. *See Worrell,* 27 F.3d at 231.

Three physicians examined Church and a fourth reviewed the medical evidence of record and issued an opinion based upon that data. Although Church complains in his brief that the ALJ erroneously gave greater weight to the opinions of the coal company's physicians, it is apparent that the ALJ instead permissibly considered the superior pulmonary qualifications of Drs. Broudy and Fino and the extent to which the objective medical tests supported their conclusions. The ALJ noted that Dr. Fritzhand appeared to base his diagnosis of pneumoconiosis solely upon the length of Church's exposure to coal mine dust, offering no medical support for his conclusion. Moreover, the ALJ properly found Dr. Sundaram's findings to be poorly reasoned because he failed to document or explain his conclusions.

Because the ALJ carefully considered each piece of relevant medical evidence and explained his reasons for according greater weight to the opinions of Drs. Broudy and Fino, this court will not disturb his finding that Church has failed to establish that he suffers from pneumoconiosis.

Since Church has not established the threshold element of pneumoconiosis, he is not entitled to black lung benefits. Nonetheless, the ALJ's additional determination that Church is not totally disabled due to a pulmonary or respiratory condition arising out of his coal mine employment is also supported by substantial evidence in the record. There was no mistake in a determination of fact or change in condition that would support modification of the previous denial of benefits.

Accordingly, Church's petition for review is denied and the decision and order denying benefits is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.