Vonda G. KENDRICK, (Widow of James C. Kendrick), Petitioner,

v.

BETHENERGY MINES, INC.; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 01–3989.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Vonda G. Kendrick (Claimant), widow of James C. Kendrick (Miner), petitions pro se for review of the Benefits Review Board's (Board's) decision and order denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Miner, while living, filed three claims for black lung benefits. As a result of the most recent, filed in November 1992, benefits were awarded in a decision and order issued on March 22, 1995. The administrative law judge (ALJ) found that the Miner had established 14 years of qualifying coal mine employment, pneumoconiosis by means of x-ray and medical opinion evidence, causation, and total disability due in part to his pneumoconiosis. The Board affirmed the ALJ's decision and order on August 24, 1995.

The Miner received a heart transplant in March 1992, but died on January 26, 1998, with the death certificate citing "multiorgan failure" as the cause of death. The Claimant's application for survivor's benefits was denied by the district director on October 28, 1998. Upon appeal, the claim was transferred to the Office of Administrative Law Judges for a hearing. Following the hearing and after consideration of the evidence submitted, the ALJ denied benefits in a decision and order issued on June 22, 2000. The ALJ again found that the Miner suffered from pneumoconiosis, but further found that his pneumoconiosis did not cause, contribute to, or hasten his death. The Board affirmed this decision in an order filed on July 31, 2001.

In her petition for review, the Claimant continues to argue that the Miner's lung condition contributed to his death and that the ALJ erred in crediting the opinions of the reviewing physicians over those who treated her husband.

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. See Glen Coal Co. v. Seals, 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. See Seals, 147 F.3d at 510; Peabody Coal Co. v. Greer, 62 F.3d 801, 804 (6th Cir. 1995). Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995).

Because the Claimant applied for benefits after January 1, 1982, she must establish that the Miner's death was due to pneumoconiosis in order to be entitled to benefits. See 20 C.F.R. § 718.1(a) (2001). The criteria for determining whether a miner's death occurred as a result of pneumoconiosis are: (1) whether competent medical evidence establishes that the miner's death was due to pneumoconiosis; (2) whether pneumoconiosis was a substantial-

ly contributing cause or factor leading to the miner's death, or death was caused by complications of pneumoconiosis; or (3) whether the presumption set forth in 20 C.F.R. § 718.304 is applicable to the survivor's claim. *See* 20 C.F.R. § 718.205(c)(1)-(3) (2001). The presumption found in § 718.304 does not apply to this claim because there is no evidence of complicated pneumoconiosis. Survivors are not eligible for benefits where the principal cause of death is a medical condition not related to pneumoconiosis, unless pneumoconiosis was a "substantially contributing cause" of the death. *See* 20 C.F.R. § 718.205(c)(4) (2001). The regulations have now codified this court's interpretation of this regulatory language to encompass situations where pneumoconiosis, even if not a proximate cause of death, actually hastened a miner's death. *See* 20 C.F.R. § 718.205(c)(5) (2001); *Brown v. Rock Creek Mining Co.,* 996 F.2d 812, 816 (6th Cir.1993).

Despite the fact that the ALJ found that the Miner suffered from pneumoconiosis arising from his coal mine employment, he denied benefits on the basis that the Claimant failed to establish that this pneumoconiosis contributed to or hastened the Miner's death. As already noted, the Miner's death certificate listed the cause of death as multi-organ failure. No other causes or contributing factors were listed.

In weighing a physician's report, the ALJ may take into consideration a number of factors, including the qualifications of the physician, the recency of the report, and whether the report is adequately documented and based upon accurate data. *See, e.g., Tussey v. Island Creek Coal Co.,* 982 F.2d 1036, 1042 (6th Cir.1993); *Phillips v. Director, OWCP,* 768 F.2d 982, 984 (8th Cir.1985); *Director, OWCP v. Rowe,* 710 F.2d 251, 255 (6th Cir.1983). While the ALJ may give greater weight to the opin-

ion of a treating physician, he need not do so when the treating physician's opinion is equivocal. *See Griffith v. Director, OWCP,* 49 F.3d 184, 186–87 (6th Cir.1995) (Lay, J., dissenting). This court will defer to the ALJ's determinations of credibility, including the weight to be accorded to physicians' opinions, where the ALJ's determinations are supported by substantial evidence. *See Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 231 (6th Cir.1994).

In this case, it is noted that the Miner's "treating physicians" were not treating him in the last year of his life or, at least, not at the time of his death. The ALJ permissibly found that the opinion of Dr. Pajel that chronic obstructive lung disease "may have contributed" to the Miner's death was "speculative at best." Dr. Santos admitted that the details leading to the Miner's death were unknown to him and offered no support or reasoning for his opinion that pneumoconiosis played a significant role. Dr. Sundaram also offered a conclusory opinion that was not backed by any reasoning or documentation. Moreover, none of these physicians evaluated the effect of the Miner's smoking history on any compromised pulmonary status. For these reasons, the ALJ did not err in granting little weight to these opinions as to the cause of the Miner's death.

The ALJ permissibly took into consideration the superior qualifications of the reviewing physicians as found in the record. The ALJ relied upon the reasoned and documented medical opinions of Drs. Caffrey, Dahhan, Castle, Fino, and Broudy to find that pneumoconiosis did not cause, contribute to, or hasten the Miner's death. The ALJ's reliance upon the opinions of Drs. Caffrey, Fino, and Broudy is tainted by their failure to find that the Miner even *had* pneumoconiosis—a position rejected by the ALJ himself. *See generally Skukan v. Consolidation Coal Co.,* 993 F.2d

1228, 1233 (6th Cir.1993), *vacated on other grounds,* 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 854 (1994). Nonetheless, the well-reasoned opinions of Drs. Castle and Dahhan are sufficient to support the ALJ's conclusion.

The ALJ's decision and order is supported by substantial evidence and is in accordance with the applicable law. Accordingly, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.